UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-03060-TWP-DML |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Defendant. ) | |

**Entry Dismissing Case and Directing Entry of Final Judgment**

This matter is before the Court on Plaintiff's Opposition to the Entry Dismissing Complaint [Dkt. 12], which is treated as a Motion. Plaintiff Joshua King ("King") filed this civil rights action under 42 U.S.C. § 1983 against the State of Indiana, seeking an order purging his name and personal information from the sex offender registry and not requiring him to register as a sexually violent predator ("SVP"). On December 9, 2016, the Court screened the Complaint in this action and dismissed King's claims. [Dkt. 7.] In particular, the Court dismissed King's federal claims for failure to state a claim upon which relief could be granted and dismissed the state claims for lack of jurisdiction. *Id.* King was given an opportunity to show cause why this action should not be dismissed. Although he has attempted to do so, King has failed to show why this case should not be dismissed. For the reasons stated below, the Motion in Opposition is **denied**.

**DISCUSSION**

King's response to the Court's show cause order focuses on his claims under the *Ex Post Facto* Clause and the Due Process Clause. As to the *ex post facto* claim, the Court explained in its screening Entry that King's allegations regarding Indiana's Sexually Violent Predator regime

do not show that the changes created by the law are penal in nature, which is required to show an *ex post facto* violation. "[W]hether a comprehensive registration regime targeting only sex offenders is penal . . . is not an open question," given that the Supreme Court in *Smith v. Doe*, 538 U.S. 84 (2003), held that "an Alaska sex offender registration and notification statute posed no *ex post facto* violation because it was a civil, rather than penal, statute." *United States v. Leach*, 639 F.3d 769, 772 (7th Cir. 2011). Moreover, the Seventh Circuit has held that the federal registration statute, the Sex Offender Registration and Notification Act, "is not an *ex post facto* law." *Id.* King's further discussion of Indiana's Sexually Violent Predator laws in his response fail to undermine this established law. Accordingly, his federal *ex post facto* claim was properly dismissed in the Court's screening Entry.

As to his Due Process claim, King asserts that prior to May 9, 2007, Indiana Code § 35-38-1-7.5 required the Court to determine whether the criminal defendant is a Sexually Violent Predator after consulting with two board certified psychologists or psychiatrists who have expertise in criminal behavior disorders. He argues that the current rule does not provide this same protection and that he should not be considered a Sexually Violent Predator without examination by an expert in the field of mental abnormalities. King argues that anything less violates his due process rights. He is mistaken.

The version of Indiana Code § 35-38-1-7.5, effective through May 9, 2007, defined "sexually violent predator" as a person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly engage in certain offenses. The statute stated that a person who is at least eighteen years of age who committed one (or more) of the listed offenses is a sexually violent predator. At the sentencing hearing, the court was to determine whether the person is a sexually violent predator based on whether he committed a

relevant offense.  If the court did not find the person to be a sexually violent predator based on the offense committed, the court was required to consult with a board of experts consisting of two board certified psychologists or psychiatrists who have expertise in criminal behavioral disorders to determine if the person is a sexually violent predator under the statute.

The current version of Indiana Code § 35-38-1-7.5 provides in relevant part that unless certain exceptions are met, a person released from incarceration, secure detention, probation, or parole for the offense after June 30, 1994, is a sexually violent predator by operation of law if: 1) the offense committed by a person at least 18 years of age is one of the listed sex offenses, or 2) if the person commits a sex offense (as defined in Indiana Code § 11-8-8-5.2) while having a previous unrelated conviction for a sex offense for which the person is required to register as a sex or violent offender under Indiana Code § 11-8-8.

Neither version of Indiana Code § 35-38-1-7.5 creates an entitlement to an examination by an expert in the field of mental abnormalities before being labeled a Sexually Violent Predator when one of the enumerated offenses is committed. The earlier version of the statute created another pathway for the court to impose the Sexually Violent Predator label. There is no plausible basis to conclude that King has suffered any harm from the change in this law or that he was not given all of the process to which he was entitled before being labeled a Sexually Violent Predator. In sum, this action must be dismissed pursuant to 28 U.S.C. § 1915A for the reasons set forth in the Court's Screening Entry.  Accordingly, King's Motion in Opposition to Entry Dismissing Complaint [Dkt. 12] is **DENIED**.

Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  3/15/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOSHUA KING
#147152
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362